IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| CHET DRIVER, | § | |
| | § | |
| *Plaintiff* | § | |
| | § | NO. 9:16-cv-10 |
| v. | § | |
| | § | |
| STEPHEN GODFREY, | § | |
| | § | |
| *Defendant*. | § | |

**ORDER OVERRULING OBJECTIONS AND**
**ADOPTING REPORT AND RECOMMENDATION**

The court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial management pursuant to General Order 05-07. The court has received and considered Judge Hawthorn's report (Doc. No. 119), which recommends granting Defendant Stephen Godfrey's amended motion for summary judgment on the basis of qualified immunity (Doc. No. 87). Plaintiff Chet Driver timely filed objections to the report and recommendation. Doc. No. 120. The court has reviewed Driver's objections and concludes they are without merit. As a result, the court adopts the report and recommendation of the magistrate judge.

A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Driver contends that he has demonstrated a genuine dispute of material fact as to whether Godfrey's actions, in his capacity as Chief Deputy of the Nacogdoches County Sheriff's Office, violated his due process rights by infringing on Driver's liberty interest in pursuing an occupation of his choosing. Doc. No. 120, at 5-6. In order to overcome the qualified immunity defense raised by Godfrey, a plaintiff must demonstrate that (i) the officer's conduct violated a federal right and (ii) that right was clearly established at the time of the violation. *Tolan v. Cotton*, 134 S.Ct. 1861, 1864 (2014). Driver argues evidence of increased stress caused by Godfrey's actions, lost annual revenue in his carpet cleaning business of nearly $5,500, and lost annual revenue in his poultry business of approximately $50,000 is adequate to demonstrate the deprivation of a liberty interest. Doc. No. 120, at 5.

In his objections, Driver relies almost exclusively upon *Stidham v. Texas Commission on Private Security*. 418 F.3d 486 (5th Cir. 2005). Driver argues a state actor's interference with a person's chosen occupation, regardless of the amount of damage inflicted on the plaintiff's business interests, is a violation of a liberty interest. Doc. No. 120, at 5 (citing *Stidham*, 418 F.3d at 491. In *Stidham*, however, the Court noted the summary judgment evidence showed the state officials' actions "destroyed [Stidham's] business," and that destruction deprived him of his "protectable liberty interest in pursuing an occupation of his choice." *Id*. at 487, 490-92. Where "the comprehensive, concerted actions of the [state actor]" damages a plaintiff's business so thoroughly that she is forced to "close her doors and default on her lease," a state actor's interference rises to the level of a due process violation of a liberty interest under the Fourteenth Amendment. *See San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 703 (5th Cir. 1991). By contrast, the summary judgment evidence in this case, when viewed in the light most favorable to Driver, shows he only suffered a loss in business revenue, not that he was forced to shutter either

of his businesses. Doc. No. 120, at 5-6. Driver does not cite any summary judgment evidence demonstrating Godfrey's actions interfered with Driver's businesses in a manner sufficiently similar to that found in *Kacal* or *Stidham* to establish a violation of his liberty interest in pursuing his chosen occupation. At a minimum, it is not clearly established in the Fifth Circuit that a loss in business revenue constitutes an infringement of a defined liberty interest in order to afford protection under the Due Process Clause.

Even if there was a genuine dispute of material fact as to whether Driver has demonstrated a violation of his *property* interests by virtue of lost business revenue, Driver fails to show that his property interest was clearly established at the time of the violation. As previously stated, to overcome qualified immunity at the summary judgment stage, the party alleging a violation of a federal right must prove that the right was clearly established when the violation occurred, such that "existing precedent must have placed the statutory or constitutional question beyond debate." *Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015). In the Fifth Circuit, it is unsettled whether lost profits are considered a constitutionally-protected property interest, or merely a measure of damages for the deprivation of a liberty interest. *See Doss v. Morris*, 642 F. App'x 443, 447 (5th Cir. 2016) (citing *Stidham*, 418 F.3d at 492 n.9). Driver does not dispute this point. As such, Driver fails to establish that Godfrey violated a clearly established federal right, failing to overcome the second prong of the qualified immunity defense.

For the above-stated reasons, Driver's objections to Judge Hawthorn's report recommending the court grant Godfrey's Amended Motion for Summary Judgment are **OVERRULED** and Godfrey's amended motion for summary judgment is **GRANTED**. The court declines to exercise supplemental jurisdiction over Driver's pendent state law claims for

3

defamation and intentional infliction of emotional distress, and dismisses those claims without prejudice. *See* 28 U.S.C. § 1367(c).

So **ORDERED** and **SIGNED** this **31** day of **January, 2017.**

_____
Ron Clark, United States District Judge